UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MATTHEW STONECIPHER,<br><br>Plaintiff,<br><br>v.<br><br>DIRECTOR IDOC JOSH TEWALT, CORIZON MEDICAL SERVICES, CENTURION MEDICAL, SIEGERT, MIGLIORI, APRIL DAWSON, and SUMMER,<br><br>Defendants. | Case No. 1:22-cv-00415-DCN<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

Plaintiff Matthew Stonecipher has filed a prisoner civil rights action asserting that he has been denied treatment for his Hepatitis C condition in the Idaho Department of Correction (IDOC) prison system. Dkt. 3. He sues for both damages and injunctive relief.

The Complaint of Plaintiff was conditionally filed by the Clerk of Court due to his status as a prisoner and pauper. Dkt. 1. A "conditional filing" means that Plaintiff must obtain authorization from the Court to proceed. The Court now reviews the pleadings and pending motions.

REVIEW OF COMPLAINT

1. **Standard of Law for Screening Complaints**

Under modern pleading standards, Federal Rule of Civil Procedure 8 requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief

INITIAL REVIEW ORDER BY SCREENING JUDGE - 1

that is plausible on its face.'" *Ashcroft v. Iqbal* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In addition, the Prison Litigation Reform Act (PLRA)[1] requires the Court to screen all pro se prisoner and pauper complaints to determine whether they have stated a claim upon which relief can be granted before such complaints are served on the defendants. 28 U.S.C. §§ 1915 & 1915A. The Court must dismiss any claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

The Court liberally construes a plaintiff's pleadings to determine whether the case should be dismissed for lack of a cognizable legal theory or failure to plead sufficient facts to support a cognizable legal theory under the *Iqbal*/*Twombly* standard. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.

### 2. Discussion of Claims Involving Corizon and its Employees/Contractors

Plaintiff names as a party Corizon Medical Services, which has recently filed bankruptcy. See Exhibit to this Order. As a result, an automatic stay is in effect in that case that prevents Plaintiff from proceeding against Corizon, the entity, in this case. The automatic stay provision of 11 U.S.C. § 362 suspends those proceedings to which it applies and does not divest this court of jurisdiction. *See David v. Hooker, Ltd.*, 560 F.2d 412, 418 (9th Cir. 1977). Generally, the stay provision does not apply to codebtor. *In re Related*

---

[1] Pub. L. No. 104-134, 110 Stat. 1321, *as amended*, 42 U.S.C. § 1997e, *et seq.*

*Asbestos Cases*, 23 B.R. 523, 529 (N.D. Cal. 1982).

Plaintiff may be able to proceed against the Corizon employees or contractors individually under the following conditions. First, he must file an amended complaint omitting Corizon (the entity) and including proper factual support for his claims against the individual Corizon employees or contractors. As explained below, Plaintiff has not clearly tied any defendant to any specific time period or any specific denial of medical care. If Plaintiff desires to proceed against any Corizon employee or contractor in a case, and if he files an amended complaint upon which he can proceed, the Court will sever the claims against the Corizon employees and contractors into a new action.

Courts are in agreement that generally persons who have suffered injury should be permitted to proceed with their claims against co-defendants of the debtor protected by the bankruptcy automatic stay. The Court in *In re Related Asbestos Cases* noted, in particular:

> [I]mportant … is the fact that the plaintiffs have alleged serious injuries and are, presumably, in need of the compensation they seek in these civil actions. While it may well be that defendants cannot be held liable for any injuries that plaintiffs may attempt to establish at trial, clearly plaintiffs' right to a day in court should not be further postponed.

*Id.*, pp. 529-30.

If Plaintiff is authorized to proceed on claims against the Corizon employees and contractors, those defendants may defend in the new case or assert that they, too, are protected by the bankruptcy filing. But, the "automatic stay does not automatically encompass co-defendants." *In re All Seasons Resorts, Inc.*, 79 B.R. 901, 904 (Bankr. C.D.

Cal. 1987). A debtor may move for expansion of the automatic stay pursuant to § 105 and § 362 in bankruptcy court. *Id*. For example, issues of the debtor's liability insurance proceeds, a debtor's obligation to indemnify its employees, contractors, or an entity (such as the IDOC, including its employees) may arise in such circumstances. *See generally* 8A C.J.S. Bankruptcy § 473 (persons protected by and subject to automatic stay). It is presently unknown what types of contracts among the co-debtors are in place.

### 3. Class Certification of Injunctive Relief Claims: IDOC Defendants

Plaintiff already is a member of a prisoner class certified under Federal Rule of Civil Procedure 23(b)(3) in *Cortes v. Tewalt*, Case No. 1:18-cv-000-01-BLW, addressing Hepatitis C injunctive relief for prisoners in the IDOC system. See Dkt. 134 in that case. An Order in the Rule 23(b)(3) action authorized counsel in that case to give notice to prisoners that they could not opt out of the class because the certification was for injunctive relief, only. See *id*. The Court later gave notice that Rule 23(b)(3) was incompatible with a class action solely for injunctive relief, and the parties now seek a modification in the certification to Rule 23(b)(2), which has no opt out provisions. See Dkts. 167-170.

As a class member under either the current or proposed modified certification, Plaintiff seems required to pursue injunctive relief claims against the IDOC through its applicable officials in the class action, not in Plaintiff's own lawsuit.

Another wrinkle for Plaintiff in the *Cortes* case is that Corizon is a party to that case, and, therefore the Court in that case must decide which, if any, defendants in that action are not affected by the automatic stay in Corizon's bankruptcy proceeding and whether any part of it may proceed, such as the injunctive relief claims against the IDOC. Plaintiff may

INITIAL REVIEW ORDER BY SCREENING JUDGE - 4

contact class counsel in *Cortes* for further information. Counsel's mailing address is listed on the last page of the Exhibit to this Order.

### 4. Injunctive Relief Claims: Centurion Defendants

If Plaintiff desires to bring *current* preliminary and permanent injunctive relief claims against the new medical provider, Centurion, or its employees/contractors (not to include Corizon (bankruptcy stay) and not to include the IDOC officials named in the class action (which claims are being pursed in *Cortes*)) for not providing current care for Hepatitis C, he may do so in a new action if he has sufficient facts to support such claims. An issue for a future date is whether any such action should be joined to the existing class action suit in order to avoid inconsistent outcomes.

Plaintiff's current motion for a preliminary injunction is subject to summary dismissal because it is devoid of any specific facts and filled only with vague overstatements; it stands on a complaint that is likewise too vague and filled with claims beyond the statute of limitations. *See De Beers Consol. Mines Ltd. v. United States*, 325 U.S. 212, 220 (1945) ("a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint."). A temporary restraining order or preliminary injunction should be issued only if a plaintiff comes forward with facts showing that (1) there are "serious questions going to the merits," (2) there is a "a balance of hardships that tips sharply towards the plaintiff," (3) "there is a likelihood of irreparable injury," and (4) "the injunction is in the public interest." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). A request can be granted only if "the facts and law clearly

favor the moving party." *Stanley v. Univ. of S. California*, 13 F.3d 1313, 1320 (9th Cir. 1994).

Plaintiff does not meet any of the requirements above. He cannot simply reference his Complaint, which itself discusses denial of care outside the statute of limitations period and contains no specific denials of care within the statute of limitations period that are causally linked to any defendant. It is not sufficient to state that Plaintiff generally was denied care between July 2017 through February 2021. He must connect each denial of care on a specific date to a particular defendant who denied him care. Plaintiff should be able to obtain this information by reviewing his grievances filed between September 2020 and March 2021.

Any new complaint and motion for a preliminary injunction must specifically set forth facts showing when Plaintiff most recently sought treatment for Hepatitis C from Centurion or its employees/contractors, what the results of any testing were, what the reasons were for any denials of treatment that occurred within the statute of limitations period, and what the status of his most recent request for treatment is. Plaintiff must state sufficient facts in his complaint and in his motion for preliminary injunctive relief to support his claims that he is not receiving constitutionally adequate medical treatment.

### 5. Claims for Monetary Damages arising from the Centurion Medical Care

The *Cortes* class action lawsuit does not address monetary damages claims for the failures of (1) IDOC employees in their individual capacities; (2) medical providers working for Centurion; or (3) Centurion itself, if Plaintiff can state a policy-based claim.

If Plaintiff desires to bring claims for monetary damages against defendants other than (1) the Idaho Department of Correction itself (protected by sovereign immunity) or (2) Corizon, he may do so by, as described above, by filing an amended complaint in this action against only Corizon employees for past claims; and/or filing a complaint in a new action against IDOC employees in their individual capacities, medical providers working for Centurion, or Centurion itself. Importantly, although Plaintiff references his past requests for medical care dating back to 2005, because he filed his lawsuit on September 28, 2022 (earliest potential mailbox rule date), he may bring only those claims dating back to September 28, 2020, against any of the defendants discussed in this paragraph.

### 6. Conclusion and Instructions for Amendment

Plaintiff may not proceed against Corizon, because of the automatic bankruptcy stay. Plaintiff presently may not proceed against Corizon's employees or contractors unless he files an amended complaint in this action stating exactly what each employee or contractor did and when, as explained in this Order. Whether he may be entitled to continue to proceed may be affected if Corizon's employees, contractors or those seeking indemnity (which could include the IDOC or its officials), would be determined later in this case, in *Cortes*, or in the context of the bankruptcy case.

It appears that Plaintiff may not proceed against IDOC officials for injunctive relief that is the subject of the *Cortes* class action, of which he is a member. If Plaintiff desires to proceed against IDOC officials individually for monetary relief, and/or Centurion and/or its employees or contractors for injunctive and/or monetary relief, he must file a new lawsuit under a new case number. All of these claims addressed in this paragraph must

have arisen from denials of care no earlier than September 28, 2020.

If Plaintiff chooses to amend the Complaint in this action and/or file a new complaint in a new action, he must allege a sufficient causal connection between each defendant's actions and the claimed deprivation of his constitutional rights. *Taylor v. List*, 880 F.2d 1040, 1045 (1989); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss" or to survive screening under 28 U.S.C. §§ 1915 and 1915A. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

Each Defendant must have personally participated in the deprivation of care. Other defendants who may have been involved in the decisionmaking may be proper defendants. In *Starr v. Baca*, 652 F.3d 1202 (9th Cir. 2011), the United States Court of Appeals for the Ninth Circuit clarified that a supervisory defendant may be held liable under § 1983 if there is "a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Id*. at 1207. Allegations sufficient to show a causal connection include: (1) "setting in motion a series of acts by others"; (2) "knowingly refus[ing] to terminate a series of acts by others, which [the supervisor] knew or reasonably should have known would cause others to inflict a constitutional injury"; (3) failing to act or improperly acting in "the training, supervision, or control of his subordinates"; (4) "acquiesc[ing] in the constitutional deprivation"; or (5) engaging in "conduct that showed a reckless or callous indifference to the rights of others." *Id*. at 1207-08 (internal quotations and punctuation omitted).

To bring a § 1983 claim against a private entity performing a government function, a plaintiff must allege that officials carried out an official policy or unofficial custom that inflicted the injury at issue. *Monell v. Dept. of Soc. Serv. of New York*, 436 U.S. 658, 694 (1978); *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139 (9th Cir. 2012) (*Monell* applicable to private entities performing government functions). That is, "[an entity] can be found liable under § 1983 only where the [entity] itself causes the constitutional violation at issue." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989).

Under *Monell*, requisite elements of a § 1983 claim against a municipality or private entity performing a state function are the following: (1) the plaintiff was deprived of a constitutional right; (2) the municipality or entity had a policy or custom; (3) the policy or custom amounted to deliberate indifference to the plaintiff's constitutional right; and (4) the policy or custom was the moving force behind the constitutional violation. *See Mabe v. San Bernardino County, Dep't of Pub. Soc. Servs.*, 237 F.3d 1101, 1110-11 (9th Cir. 2001). All policy-based claims must meet the pleading standards clarified by *Twombly* and *Iqbal*, *supra*. That is, mere "formulaic recitation of a cause of action's elements" is insufficient. *Twombly*, 550 U.S. at 555.

An amended complaint must contain all of Plaintiff's allegations in a single pleading and cannot rely upon or incorporate by reference prior pleadings. Dist. Idaho Loc. Civ. R. 15.1. An amended pleading completely replaces the original pleading.

For each claim against each defendant, Plaintiff must state the following (organized by each defendant): (1) the name of the person or entity Plaintiff claims to have caused the alleged deprivation of his constitutional rights; (2) the facts showing that the defendant is

INITIAL REVIEW ORDER BY SCREENING JUDGE - 9

a state actor (such as state employment or a state contract) or a private entity/private individual acting under color of state law; (3) the dates on which the conduct of the defendant allegedly took place; (4) the specific conduct or action Plaintiff alleges is unconstitutional; (5) the particular provision of the constitution Plaintiff alleges has been violated; (6) facts alleging that the elements of the violation are met (such as an Eighth Amendment deliberate indifference claim); (7) the injury or damages Plaintiff personally suffered or the substantial risk of serious harm that Plaintiff was exposed to; and (8) the particular type of relief he is seeking from each defendant.

The amended complaint must be legibly written or typed in its entirety, and it should be clearly designated as an "Amended Complaint." Plaintiff's name and address should be clearly printed at the top left corner of the first page of each document filed with the Court.

## ORDER

**IT IS ORDERED:**

1. The claims against Corizon are subject to an automatic stay as the result of the bankruptcy filing of Corizon. *See* Dkt. 171 in *Cortes v. Tewalt*, Case No. 1:18-cv-00001-BLW.

2. Plaintiff may file an amended complaint in this action against Corizon employees or contractors only, following the instructions set forth above. If appropriate, the Court will sever the amended complaint from the complaint in this action against Corizon, which is stayed.

3. Plaintiff may file a separate lawsuit containing any or all of the claims arising on a date no earlier than September 28, 2020, for which Plaintiff has sufficient factual

grounds, including: (1) claims for monetary damages against any individual employees of IDOC who caused the alleged deprivations; (2) claims for monetary damages for relief against Centurion or any Centurion employees/contractors who caused the alleged deprivations; and (3) claims for injunctive relief against Centurion or any Centurion employees/contractors who caused the alleged deprivations.

4. The Motion for Preliminary Injunctive Relief (Dkt. 4) is DENIED as without a proper factual basis, but without prejudice. Plaintiff shall contact class action counsel in *Cortes* for information on what his membership in the class requires and precludes.

5. Any arguments that Plaintiff should be permitted to proceed on claims that arose earlier than September 28, 2020, must be made in a motion to amend in whichever case the claims belong. Such claims, if they relate back to the original Complaint in this action, will be referrable to the date it was filed.

6. The Clerk of Court shall provide a courtesy copy of this Order via ECF to Plaintiffs' and Defendants' attorneys in the *Cortes* action.

DATED: March 13, 2023

David C. Nye
Chief U.S. District Court Judge